JAMES V. FAZIO, III (CSB NO. 183353)
jamesfazio@sandiegoiplaw.com
TREVOR Q. CODDINGTON, PH.D. (CSB NO. 243042)
trevorcoddington@sandiegoiplaw.com
MARTIN B. READY (CSB NO. 239135)
martyready@sandiegoiplaw.com
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 792-3446
Facsimile: (858) 792-3501

Attorneys for Plaintiff,
PATHWAY INNOVATIONS AND TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATHWAY INNOVATIONS AND TECHNOLOGIES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>QOMO HITEVISION, LLC; a Michigan limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. **'15CV1540 GPC NLS**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Pathway Innovations and Technologies, Inc. ("Pathway") hereby complains of Defendant QOMO HiteVision, LLC, and DOES 1 through 10 (collectively, "QOMO"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

## THE PARTIES

2. Pathway is a California corporation with its principal place of business located at 10211 Pacific Mesa Boulevard, Suite 412, San Diego, California 92121.

3. Formed in 2008, Pathway is a privately-held company that designs, develops and sells innovative products that enhance learning, improve communication, and help people save time. The company is the designer and manufacturer of HoverCam® branded software and document cameras—a revolutionary product that combines the features of a digital camera and a scanner into a new form factor. Pathway has a strong track record for developing innovative products, especially for the education market. A HoverCam® document camera hovers over a teacher's desk unobtrusively and is used by teachers to capture, manipulate and present seamless video of documents and objects to students real-time. Traditional scanners are too slow for the classroom and conventional cameras lack sufficient resolution, zoom video, annotation capability, and other functions needed for an effective learning environment. However, a HoverCam® document camera captures, digitizes and displays documents immediately at an incredibly high resolution of 8 megapixels, which is about 4 times the resolution of a typical HD television. Moreover, HoverCam® users can manipulate, annotate, zoom and resize documents and video without any loss in resolution, and can record and playback seamless video at a remarkable 30 frames per second. HoverCam® document cameras have won numerous awards and are presently used in over 150,000 classrooms around the world.

4. Pathway is informed and believes and based thereon alleges that Defendant QOMO is a limited liability company organized and existing under the laws of the State of Michigan with its principal place of business and headquarters located at 46950 Magellan Drive,

-1-

**COMPLAINT**

Wixom, Michigan 48393.  According to the Michigan Department of Licensing and Regulatory Affairs, QOMO may be served via its registered agent for service of process Wilton A. Hom, 30833 Northwestern Hwy., Suite 203, Farmington Hills, Michigan 48334.

5.     QOMO is a global manufacture of presentation equipment and software.  QOMO owns more than 20 subsidiary companies and partners with hundreds of dealers and integrators through the world.

6.     Pathway is ignorant of the true names and capacities of the parties sued herein as DOES 1 through 10, inclusive, whether individual, corporate or otherwise, and therefore sues these defendants by such fictitious names.  Pathway will seek leave to amend the complaint to assert their true names when they have been ascertained.  Pathway is informed and believes and based thereon alleges that all defendants sued herein as DOES 1 through 10 are in some manner responsible for the acts and omissions alleged herein.

## JURISDICTION AND VENUE

7.     This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

8.     This Court has personal jurisdiction over QOMO because it regularly conducts business and/or solicit business in California and within this District; because QOMO engages in other courses of conduct and derives revenue from products provided to residents of California and this District as well as substantial revenue from interstate and international commerce; because QOMO has purposefully established substantial, systematic and continuous contacts with California and this District and should reasonably expect to be haled into court in this District; and because QOMO has committed and continues to commit acts of patent infringement in California and this District in violation of 35 U.S.C. § 271, and placing infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District.  The acts by QOMO cause injury to Pathway within this District.

9.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because QOMO has regularly transacted business in California and within this District and offers for sale

in this District products that infringe Pathway's patents, because certain of the acts complained of herein occurred in California and within this District, because QOMO derives and seeks to derive revenue from sales of infringing products sold in California and within this District, and because QOMO is subject to personal jurisdiction in this District.  In addition, venue is proper because Pathway's principal place of business is in this District and Pathway suffered harm in this district.

## GENERAL ALLEGATIONS

10. On August 13, 2013, the United States Patent & Trademark Office ("PTO") duly and lawfully issued U.S. Patent No. 8,508,751, entitled "Capturing Real-Time Video With Zooming Capability and Scanning High Resolution Still Images of Documents Using the Same Apparatus" ("the '751 patent").  Pathway is the owner by assignment of the '751 patent, a copy of which is attached hereto as Exhibit A.

11. QOMO has willfully copied Pathway's products and software, and has no patents or pending patent applications of its own.

12. QOMO has been sued for patent infringement at least two times by other entities including, but not limited to Renaissance Learning, Inc. in the Western District of Wisconsin (Case No. 09-cv-0763-c) and eInstruction Corporation in the U.S. International Trade Commission (Inv. No. 337-TA-682).  QOMO was granted a license to U.S. Patent No. 6,930,673 by eInstruction Corporation.

13. Pathway is informed and believes and based thereon alleges that the making, using, selling, offering for sale, and/or importation of QOMO's products infringe one or more claims of the '751 patent, including without limitation QOMO's document cameras QView QPC20, QPC20 F1 Flip Cam, CornerCam QPC30M, QPC35 Caterpillar Cam, QView QPC60A, HDMI QPC70, QPC80 Full HD Document Camera, and Visualizer software, which is designed specifically for QOMO's document cameras (collectively, the "Accused Products").

14. Pathway is informed and believes and based thereon alleges that Adesso, Inc. ("Adesso") manufactures or causes to be manufactured the QView QPC20 as a white label product for QOMO.  Adesso is accused of infringing one or more Pathway patents in a lawsuit concurrently pending in this District.

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,508,751)

15.   Pathway repeats, realleges and incorporates by reference the preceding allegations above as though set forth fully herein.

16.   QOMO, by and through its agents, officers, directors, employees and servants, has been and is currently willfully and intentionally infringing one or more claims of the '751 patent by (a) making, using, offering to sell, and/or selling in the United States and/or importing into the United States, one or more of the Accused Products ; (b) actively inducing direct infringement of the '751 patent; and/or (c) importing, offering to sell, or selling the Accused Products, knowing such products to be especially made or adapted for use in infringing the '751 patent and not staple articles or commodities suitable for substantial noninfringing use.  QOMO's acts constitute infringement of the '751 patent in violation of 35 U.S.C. §271.  Pathway is further informed and believes and thereon alleges that QOMO's infringement is willful.

17.   Pathway is further informed and believes and based thereon alleges that if and to the extent QOMO is not infringing directly, QOMO is infringing indirectly by contributing to and/or inducing direct infringers, including without limitation QOMO's distributors, retailers, resellers, end users and/or customers, to infringe the '751 patent.

18.   Pathway is further informed and believes and based thereon alleges that QOMO is knowingly inducing direct infringement and has the specific intent to encourage its distributors, retailers, resellers, end users and/or customers to directly infringe the '751 patent by (among other things) designing, developing and selling products, including without limitation the Accused Products, to their distributors, resellers, retailers, end users and/or customers for the purpose of performing real-time image and video capturing and recording with zooming and high-resolution scanning capabilities, and/or by making, using, selling, importing and offering to sell the Accused Products that perform real-time image and video capturing and recording with zooming and high-resolution scanning capabilities.  Pathway is further informed and believes and based thereon alleges that the Accused Products are each a material component of Pathway's patented methods and/or systems and that the Accused Products are not capable of substantial non-infringing use.

19. Pathway is informed and believes and based thereon alleges that QOMO's infringement of the '751 patent will continue unless enjoined by this Court.

20. Pathway is informed and believes and based thereon alleges that QOMO became aware of the subject matter of the '751 patent at least as of August 4, 2011, or shortly thereafter. Pathway has marked its products with its patent numbers since at least June, 2015.

21. QOMO's infringement of the '751 patent provides QOMO with unique functionality for its products that was the result of Pathway's innovation, not QOMO's. QOMO has not obtained permission from Pathway to use its inventions in the '751 patent.

22. By reason of the aforesaid infringing acts, Pathway has been damaged and is entitled to monetary relief in an amount to be determined at trial but in excess of the jurisdictional requirement of this Court.

23. Because of the aforesaid infringing acts, Pathway has suffered and continues to suffer great and irreparable injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Pathway prays for judgment against QOMO as follows:

(a) An Order adjudging QOMO to have infringed the '751 patent under 35 U.S.C. § 271;

(b) An Order adjudging QOMO to have willfully infringed the '751 patent under 35 U.S.C. § 271;

(c) A permanent injunction under 35 U.S.C. § 283 enjoining QOMO, its officers, directors, agents, servants, employees and attorneys, and those persons acting in concert or participation with QOMO, from directly or indirectly infringing the '751 patent in violation of 35 U.S.C. § 271;

(d) That QOMO account for all damages by its infringement of the '751 patent in violation of 35 U.S.C. § 271, and that QOMO pay to Pathway all damages suffered by Pathway;

(e) An order for a trebling of damages and/or enhanced damages due to QOMO's willful misconduct under 35 U.S.C. § 284;

(f) An Order adjudicating that this is an exceptional case;

(g) An award to Pathway of the attorneys' fees and costs incurred by Pathway in connection with this action under 35 U.S.C. § 285;

(h) An award of pre-judgment and post-judgment interest and costs of this action against QOMO;

(i) For such other and further relief as the Court deems just and proper.

Dated: July 13, 2015              SAN DIEGO IP LAW GROUP LLP


By: /s/James V. Fazio, III
JAMES V. FAZIO, III
TREVOR Q. CODDINGTON, PH.D.
MARTIN B. READY

Attorneys for Plaintiff,
PATHWAY INNOVATIONS AND TECHNOLOGIES, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Pathway Innovations and Technologies, Inc. hereby demands a trial by jury of all issues so triable.

Dated: July 13, 2015              SAN DIEGO IP LAW GROUP LLP


By: /s/James V. Fazio, III
JAMES V. FAZIO, III
TREVOR Q. CODDINGTON, PH.D.
MARTIN B. READY

Attorneys for Plaintiff,
PATHWAY INNOVATIONS AND TECHNOLOGIES, INC.

**COMPLAINT**